REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
ROGERS, MASTRANGELO, CARALHO & MITCHELL
rmastrangelo@rmcmlaw.com
700 South Third Street
Las Vegas, Nevada 89101
Telephone:  (702) 383-3400
Facsimile:   (702) 384-1460
*Attorneys for Defendant*
*OTIS ELEVATOR COMPANY*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA CHAIDEZ DE HERRERA, individually,<br><br>Plaintiff,<br><br>v.<br><br>OTIS ELEVATOR COMPANY, a foreign corporation; DOES 1 through 30, inclusive; and ROE BUSINESS ENTITIES 1 through 30, inclusive,<br><br>Defendants. | Case No.  2:24-cv-1122<br><br>**DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Defendant"), through undersigned counsel, hereby files this Notice of Removal to effect removal of this civil action from the Eighth Judicial District Court in and for Clark County, Nevada, where it is filed as Case No. A-24-892228-C, to the United States District Court of Nevada in Las Vegas.

In support of this Notice of Removal, Defendant states as follows:

1

**BACKGROUND**

1. On or about April 29, 2024, Plaintiff Maria Chaidez De Herrera ("Plaintiff"), filed a Complaint ("Complaint") in the civil action styled as *MARIA CHAIDEZ DE HERRERA v. OTIS ELEVATOR COMPANY, a foreign corporation; DOES 1 through 30, inclusive; and ROE BUSINESS ENTITIES 1 through 30, inclusive*, in the Eighth Judicial District Court in and for Clark County, Nevada, Case No. A-24-892228-C ("State Court Action").  True and correct copies of all processes and pleadings served upon or available to Defendant at the time of this Notice of Removal, namely the Summons and Complaint, Answer, Demand for Jury Trial, and Disclosure Statement Pursuant to NRCP 7.1 filed in the State Court Action, are attached to the Declaration of Rebecca L. Mastrangelo in support of this Notice of Removal ("Mastrangelo Decl.") as **Exhibits A-C** thereto, and incorporated herein by reference.

2. The Complaint sets forth claims for relief as follows: (i) its "First Cause of Action" of "Negligence"; (ii) its "Second Cause of Action" of "Negligence – Res Ipsa Loquitur"; (iii) its "Third Cause of Action" of "Strict Products Liability/Manufacturing Defect, Design Defect/Failure to Warn"; (iv) its "Fourth Cause of Action" of "Negligent Hiring, Training Supervision, Contracting, and/or Retention"; its "Fifth Cause of Action" of "Respondeat Superior";  its "Sixth Cause of Action" of Breach of Warranty."  *See* Exh. A, Complaint, pp. 6-16.

3. The Complaint alleges that on or around May 1, 2022, at the real property commonly referred to as The Main Street Station Casino, located at 200 N. Main Street, Las Vegas, Nevada 89101 (the "Subject Premises"), Plaintiff started to enter the elevator (the "Subject Elevator") at the Subject Premises and '[b]efore she was able to completely enter the elevator, and before the doors closed, suddenly and without warning, the elevator began to rise, causing Plaintiff to lose her balance and fall backwards out of the elevator, striking her head/back against the wall behind her, and causing Plaintiff to lose consciousness, suffer personal injuries, and damages, including but not limited to shoulder, neck and back injuries necessitating multiple surgeries."  Exh. A, Complaint, ¶¶ 9-11.

4. Plaintiff further contends that Defendant, as well as certain DOE defendants and/or ROE corporations were the persons or entities who caused, contributed to, knew of, and/or should have known of the dangers that were presented by the malfunctioning elevators on the premises of the Subject Property and were responsible for the incident, because they owned, operated, inspected, provided, sold, leased,

rented, installed, serviced, inspected, repaired, maintained, designed, manufactured, placed into use, otherwise cared for, and/or were responsible for the Subject Elevator, and/or were negligently hired, trained, supervised or retained by Defendant. *Id*. at ¶¶ 5-8.

5.    Plaintiff contends that the "elevator's sudden and unexpected movement with the doors open was a malfunction, that should not have occurred in the ordinary operation of said elevator." *Id*. ¶ 11.

6.    Plaintiff contends that the alleged incident resulted in injuries to "her health, strength and activity, sustaining shock and injury to her body, nervous system and person, all of which have caused, and will continue to cause, Plaintiff DE HERRERA physical, mental and nervous pain and suffering, loss of enjoyment of life and disability." *Id*. at ¶¶ 26, 34, 42, 49, 55, and 63.  Plaintiff alleges that she "sustained personal injuries, including medical expenses, future medical expenses, pain and suffering, future pain and suffering, past lost wages, future loss of wages, and loss of enjoyment of life." *Id*. at ¶¶ 27, 35, 43, 50, 56, and 64.

7.    Defendant was served with the Summons and Complaint in the State Court Action on May 16, 2024.

8.    As specifically shown below, there is complete diversity between Plaintiff and Defendant. 28 U.S.C. § 1441; Exh. A, Complaint, ¶¶ 1-2; Mastrangelo Decl., ¶ 6.

9.    As specifically shown below, based on the allegations of the Complaint, Plaintiff contends an amount in controversy in excess of the sum or value of $75,000.00, exclusive of interest and costs, as required for a removal pursuant to 28 U.S.C. § 1332.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); Exh. A, Complaint, ¶¶ 27, 35, 43, 50, 56, and 64.

10.    The Notice of Removal is filed timely. Pursuant to 28 U.S.C. §1446(b), the Notice is filed within thirty (30) days of receipt by Defendant of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

**DIVERSITY OF CITIZENSHIP**

11.    Plaintiff is a resident of Nevada.  Exh. A, Complaint, ¶ 1.

12.    A corporation is deemed to be a citizen of the state or states where it is incorporated and maintains "its principal place of business."  28 U.S.C. § 1332(c)(1).

13.     Defendant Otis Elevator is incorporated in New Jersey and has its principal place of business in Connecticut.  Mastrangelo Decl., ¶ 6.  Defendant is therefore a citizen of New Jersey and Connecticut, and not Nevada, for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14.     Defendants sued under fictitious names are disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

15.     Accordingly, this action involves "citizens of different States." See 28 U.S.C. § 1332(a)(1). As Plaintiff appears to be a citizen of Nevada only, Defendant is a citizen of New Jersey and Connecticut only, with the subject incident alleged by Plaintiff to have occurred exclusively within Nevada, removal of this action is proper under 28 U.S.C. § 1441(b) on the basis of diversity of citizenship.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.     Pursuant to 28 U.S.C. § 1332, and upon information and belief, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17.     Plaintiff started to enter the Subject Elevator at the Subject Premises and '[b]efore she was able to completely enter the elevator, and before the doors closed, suddenly and without warning, the elevator began to rise, causing Plaintiff to lose her balance and fall backwards out of the elevator, striking her head/back against the wall behind her, and causing Plaintiff to lose consciousness, suffer personal injuries, and damages, including but not limited to shoulder, neck and back injuries necessitating multiple surgeries."  Exh. A, Complaint, ¶¶ 9-11.

18.     Plaintiff contends that the alleged incident resulted in injuries to "her health, strength and activity, sustaining shock and injury to her body, nervous system and person, all of which have caused, and will continue to cause, Plaintiff DE HERRERA physical, mental and nervous pain and suffering, loss of enjoyment of life and disability." *Id*. at ¶¶ 26, 34, 42, 49, 55, and 63.  Plaintiff alleges that she "sustained personal injuries, including medical expenses, future medical expenses, pain and suffering, future pain and suffering, past lost wages, future loss of wages, and loss of enjoyment of life." *Id*. at ¶¶ 27, 35, 43, 50, 56, and 64.

19.     Plaintiff affirmatively pleads damages for her six (6) separate causes of action: (1) Negligence; (2) Negligence – Res Ipsa Loquitur; (3) Strict Products Liability/Manufacturing Defect – Design Defect/Failure to Warn; (4) Negligent Hiring, Training Supervision, Contracting, and/or

Retention; (5) Respondeat Superior; and (6) Breach of Warranty. Ex. A, Complaint, ¶¶ 27, 35, 43, 50, 56, and 64. In each of those causes of action, Plaintiff separately alleges general damages "in an amount in excess of $15,000.00," with $15,000.00 being the minimum jurisdictional amount for civil matters in the Eighth Judicial District Court. Under Nevada Rule of Civil Procedure 8, subdivision (a)(4), if a plaintiff "seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount."

20. Plaintiff also seeks a separate award of attorneys' fees and costs. Exh. A, Complaint, ¶¶ 28, 36, 44, 51, 57, and 65.

21. In her prayer for relief, Plaintiff seeks for each of her six (6) causes of action "past and future general damages and loss in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000); "past and future special in an amount to be determined at time of trial"; and "reasonable attorneys' fees, pre and post-judgment interest, and costs of suit." Exh. A, Complaint, pp. 16-17. Plaintiff also seeks punitive damages.

22. Based on the allegations of her Complaint, Plaintiff accordingly prays for aggregate damages, which appear to exceed $75,000.00.

23. Plaintiff's allegations and requests for damages against Defendant establish that she is seeking damages in excess of the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a) and § 1446(c)(2)(B); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 962-963 (9th Cir. 2020); *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

### THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

24. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

25. The allegations of this Notice of Removal are, upon information and belief, true and correct, and within the jurisdiction of this Court, such that this action is removable to this Court.

26. The above-captioned Court is the proper District Court for removal because the State Court Actions is pending within the District of Nevada.

27. If any questions arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

28.    If Plaintiff seeks remand under the premise that his injuries do not exceed $75,000.00, Defendant asks that, prior to remand, this Court order Plaintiff to stipulate that she would not seek to recover any judgment against Defendant in this matter in excess of $75,000.00.

WHEREFORE, Defendant desires to remove this case to the United States District Court for the District of Nevada at Las Vegas, being the district and division of said Court for the county in which said action is pending, and prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

DATED:  June 17, 2024                                    ROGERS, MASTRANGELO, CARALHO & MITCHELL


By:/s/ *Rebecca L. Mastrangelo*
_____
Rebecca L. Mastrangelo
Attorney for Defendant
OTIS ELEVATOR COMPANY.

DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I certify that on this 17th day of June, 2024, the foregoing **DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL** was filed via the Court's CM/ECF system, which generated a notice of electronic filing with links to true and correct copies of the foregoing document for service, and further that this document and all attachments were transmitted via U.S. Mail and email upon the following counsel of record:

Paul R.M. Cullen, ESQ.
Lindsay K. Cullen, ESQ.
BERTOLDO CARTER SMITH & CULLEN
7409 West Sahara Avenue
Las Vegas, Nevada 89117
Phone Number: (702) 228-2600
*Attorneys for Plaintiff*

/s/: *Kathy Vigil*