**PAUL R.M. CULLEN, ESQ.**
Nevada Bar No. 12355
**LINDSAY K. CULLEN, ESQ.**
Nevada Bar No. 12364
**BERTOLDO CARTER SMITH & CULLEN**
7408 West Sahara Avenue
Las Vegas, Nevada 89117
Phone Number: (702) 228-2600
Fax Number: (702) 228-2333
paul@nvlegaljustice.com
lindsay@nvlegaljustice.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
* * *

| | |
|---|---|
| MARIA CHAIDEZ DE HERRERA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>OTIS ELEVATOR COMPANY, a foreign corporation; TK ELEVATOR CORPORATION, a domestic corporation; TK ELEVATOR CORPORATION, a foreign coroporation; TK ELEVATOR MANUFACTURING, INC., a foreign corporation; DOES 1 through 30, inclusive; and ROE BUSINESS ENTITIES 4 through 30, inclusive,<br><br>Defendants. | CASE NO.: 2:24-cv-01122-GMN-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br>**First Request**<br><br>The Hon. Gloria M. Navarro<br><br>Trial Date: None Set |

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff, MARIA CHAIDEZ DE HERRERA through her counsel of record, PAUL R.M. CULLEN, ESQ., LINDSAY K. CULLEN, ESQ. and BERTOLDO CARTER SMITH & CULLEN; Defendants OTIS ELEVATOR COMPANY through their counsel of record, REBECCA L. MASTRANGELO, ESQ. of ROGERS MASTRANGELO CARVALHO & MITCHELL and SU-LYN COMBS, ESQ. of TUCKER ELLIS, LLP, and Defendants TK ELEVATOR CORPORATION and TK ELEVATOR MANUFACTURING, INC. by and through their counsel of record, BRADLEY J. JOHNSTON, ESQ. and THE CAVANAGH LAW FIRM, PA and PAMELA A. MCKAY, EQ, of the MCKAY LAW FIRM, CHTD., that the Discovery Plan and Scheduling Order filed on August 26, 2024 (Document 31) be extended. No Trial date has been scheduled. The parties do not seek a trial

1  continuance. The is the parties' first request for an extension of time

2  WHEREAS the parties have exchanged documents and witnesses and Plaintiff has
3  responded to written discovery.

4  WHEREAS the Plaintiff is still treating for her injuries, including neurological issues.

5  WHEREAS all parties have been coordinating a date for the inspection of the elevator that
6  is the subject to this litigation, which is presently scheduled for May 21, 2025.

7  The parties hereto have discussed these issues in detail and are in collective agreement that
8  additional time is warranted and required to fully investigate and complete discovery.  In support of
9  this request, the parties hereby state the following:

**A.   STATEMENT OF DISCOVERY COMPLETED:**

1. Fed. R. Civ. P. 26.1(a)(1) Disclosures and supplements thereto by all parties.
2. Defendants have served written discovery to Plaintiff.
3. Plaintiff has responded to written discovery.
4. Plaintiff has provided Medical Authorization to Defendant.
5. Otis served a subpoena on Main Street Station and disclosed documents related thereto.
6. The Parties coordinated retrieval of surveillance video from Main Street Station.
7. Documents from Nevada's Department of Industrial Relations – Mechanical Compliance Section have been disclosed.

**B.   SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED.**

An inspection of the subject elevator is needed before liability experts can opine as to potential causes of the subject elevator malfunction.  That inspection has been coordinated by all parties over the past months and is scheduled for May 21, 2025.  Additionally, Defendants have sought to take the deposition of the Plaintiff, which will occur following the neurological testing that she is presently undergoing.  Plaintiff sought additional maintenance records from Defendant TK Elevator, and TK Elevator recently produced additional maintenance records. Those records are

important for Plaintiff's expert to review to determine what, if any, maintenance issues are shown in those records.

Additionally, all parties need to conduct expert depositions as well as the deposition of FRCP 30(b)(6) corporate representatives and any other witnesses disclosed in this litigation. The parties anticipate that additional written discovery will be needed based upon the ongoing disclosures in this case.

## C. **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER.**

The subject elevator that gives rise to the litigation is on the premises of Main Street Station, a non-party. Plaintiff's and Defendants' experts requested a copy of the surveillance of the incident prior to conducting an inspection on the elevator to better understand what they would be looking for during the inspection. Main Street Station was in the sole possession of surveillance. Defendant Otis issued a subpoena for the surveillance but Main Street did not have the technological capabilities of copying the surveillance for this litigation. As such, the parties spent several weeks trying to coordinate the ability to copy the surveillance from Main Street Station. This was recently accomplished, and the surveillance has been produced to all parties. At the same time, Plaintiff and Defendants have been coordinating an inspection of the elevator. The inspection of the subject elevator is presently scheduled for May 21, 2025. The parties need the inspection to determine why the elevator malfunctioned and who may bear responsibility. Following the inspection, the parties experts will need sufficient time to render expert opinions and generate reports.

Additionally, Plaintiff has had ongoing medical treatment since the date of the elevator incident. Plaintiff alleges that she was thrown back from the elevator, striking her head and losing consciousness. She has not returned to work since this incident occurred over three years ago and has an ongoing worker's compensation claim. She is also presently undergoing a variety of neurological tests to determine the nature and extent of her head complaints to determine whether those conditions are related to the elevator incident. Defendants have sought the deposition of Plaintiff but the neurological testing needs to be completed before a deposition can occur to ensure

the claimed damages are appropriately known and disclosed prior to the deposition. Defendants also anticipate retaining medical experts in the appropriate fields prior to the initial expert disclosure deadline. Defendants need to understand the nature of the potential neurological claims in order to retain the appropriate experts. Plaintiff has already completed some, but not all of the prescribed neurological tests, but seeks additional tests and follow up with her doctors. It is anticipated that Plaintiff's neurological testing and follow-ups will be completed in the next 30-45 days. As such, the parties request a 120-day extension to the current discovery deadlines in order to fully understand Plaintiff's injury claims as well as allow liability experts sufficient time to examine the elevator and generate opinions from the elevator inspection.

The parties aver that good cause exists for the requested extension. The parties have been working diligently together to coordinate with non-party Main Street Station for the inspection. Further, the parties have been in constant communication regarding Plaintiff's current treatment and the desire to get her deposition scheduled as quickly as possible, being mindful of her current complaints and medical care.

Accordingly, the parties have agreed to and respectfully request a 120-day discovery extension for all deadlines in order to ensure that meaningful discovery is conducted. The parties have acted in good faith in their request of this extension and have no intent, nor reason, to delay the resolution of this matter.

**PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

IT IS HEREBY STIPULATED AND AGREED that the following discovery deadlines in this case be continued for one hundred and twenty (120) days as follows:

|  | **Old Deadlines** | **New Deadlines** |
|---|---|---|
| **Discovery Cut-Off Date**: | 08/22/2025 | **12/19/2025** |
| **Amending the Pleadings and Adding Parties:** | 05/24/2025 | **09/22/2025** |
| **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts)**: |  |  |
| Initial expert disclosures | 06/23/2025 | **10/21/2025** |
| Rebuttal expert disclosures | 07/23/2025 | **11/20/2025** |
| **Dispositive Motions:** | 09/22/2025 | **01/20/2026** |

| | | |
|---|---|---|
| **Pretrial Order:** | 10/22/2025 | **02/19/2026** |

In the event dispositive motions are filed, however, the date for filing a Joint Pretrial Order shall be suspended until thirty (30) days after the decision regarding any dispositive motions or upon further order of the Court.

**Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**Extension or Modification of Discovery Plan and Scheduling Order**:

Local Rule 26-4 governs modifications or extensions of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth herein must be made not later than twenty-one (21) days before the expiration of the subject deadline. The parties hereby make this request more than twenty-one (21) days before the expiration of any said deadlines.

DATED this 20th day of May, 2025

**BERTOLDO CARTER
SMITH & CULLEN**

*/s/ Paul R.M. Cullen, Esq.*
**PAUL R.M. CULLEN, ESQ**.
Nevada Bar No. 12355
7408 West Sahara Avenue
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*

DATED this 20th day of May, 2025

**ROGERS MASTRANGELO
CARVALHO & MITCHELL**

*/s/ Rebecca L. Mastrangelo, Esq.*
**REBECCA L. MASTRANGELO, ESQ.**
Nevada Bar No. 5417
700 South Third Street
Las Vegas NV 89101
*Attorneys for Defendant Otis Elevator Company*

**TUCKER ELLIS, LLP
V. SATHIENMARS, ESQ.**
California Bar No. 282619
201 Mission Street, Suite 2310
San Franciso, CA 94105
*Attorneys for Defendant Otis
Admitted Pro Hac Vice*

DATED this 20th day of May, 2025.

**McKAY LAW FIRM, CHTD.
PAMELA A. McKAY, ESQ. (NSB 7812)**
8440 W. Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
*Attorneys for Defendants TK Elevator*

**THE CAVANAGH LAW FIRM, PA**

*/s/ Bradley J. Johnston, Esq.*
**BRADLEY J. JOHNSTON, ESQ.**
(AZB 015832)
1850 N. Central Ave., Suite 1900
Phoenix, AZ 85004
*Attorneys for Defendants TK Elevator
Admitted Pro Hac Vice*

**ORDER.** While the Court GRANTS the above stipulation, it is not inclined to grant future continuances.

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: May 23, 2025

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to F.R.C.P.5(B)(2)(1), a true and correct copy of the foregoing **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES First Request** has been served upon the following counsel through CM/ECF electronic service, on this the 20th day of May, 2025.

| | |
|---|---|
| Rebecca L. Mastrangelo, Esq.<br>ROGERS, MASTRANGELO, CARVALHO & MITCHELL<br>700 South Third Street<br>Las Vegas, Nevada 89101<br>Attorney for Defendant Otis Elevator Company | McKAY LAW FIRM, CHTD.<br>PAMELA A. McKAY, ESQ.<br>8440 W. Lake Mead Blvd., Suite 112<br>Las Vegas, NV 89128<br>*Attorneys for Defendants TK Elevator* |
| TUCKER ELLIS, LLP<br>V. SATHIENMARS, ESQ.<br>TUCKER ELLIS, LLP<br>201 Mission Street, Suite 2310<br>San Franciso, CA 94105<br>*Attorneys for Defendant Otis Elevator Company*<br>*Admitted Pro Hac Vice* | THE CAVANAGH LAW FIRM, PA<br>BRADLEY J. JOHNSTON, ESQ.<br>1850 N. Central Ave., Suite 1900<br>Phoenix, AZ 85004<br>*Attorneys for Defendants TK Elevator*<br>*Admitted Pro Hac Vice* |

*/s/ Rachel Douglas*
An Employee of
Bertoldo Carter Smith & Cullen