**PAUL R.M. CULLEN, ESQ.**
Nevada Bar No. 12355
**LINDSAY K. CULLEN, ESQ.**
Nevada Bar No. 12364
**BERTOLDO CARTER SMITH & CULLEN**
7408 West Sahara Avenue
Las Vegas, Nevada 89117
Phone Number: (702) 228-2600
Fax Number: (702) 228-2333
paul@nvlegaljustice.com
lindsay@nvlegaljustice.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

MARIA CHAIDEZ DE HERRERA, individually,

     Plaintiff,

vs.

OTIS ELEVATOR COMPANY, a foreign corporation; TK ELEVATOR CORPORATION, a domestic corporation; TK ELEVATOR CORPORATION, a foreign coroporation; TK ELEVATOR MANUFACTURING, INC., a foreign corporation; DOES 1 through 30, inclusive; and ROE BUSINESS ENTITIES 4 through 30, inclusive,
     Defendants.

CASE NO.: 2:24-cv-01122-GMN-BNW

**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**
**Second Request**

The Hon. Gloria M. Navarro

Trial Date: None Set

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff, MARIA CHAIDEZ DE HERRERA through her counsel of record, PAUL R.M. CULLEN, ESQ., LINDSAY K. CULLEN, ESQ. and BERTOLDO CARTER SMITH & CULLEN; and Defendants TK ELEVATOR CORPORATION and TK ELEVATOR MANUFACTURING, INC. by and through their counsel of record, BRADLEY S. JOHNSTON, ESQ. and THE CAVANAGH LAW FIRM, PA and PAMELA A. MCKAY, EQ, of the MCKAY LAW FIRM, CHTD., that the Discovery deadlines set forth in the Stipulation and Order to Extend Discovery Deadlines (First Request) filed on May 23, 2025 (Document 48) be extended. No Trial date has been scheduled. The parties do not seek a trial continuance. This is the parties' second request for an extension of time.

WHEREAS the parties have exchanged documents and witnesses and Plaintiff has responded to written discovery.

WHEREAS the Plaintiff is still treating for her injuries, including significant neurological issues.

WHEREAS the parties have conducted an inspection of the subject elevator.

WHEREAS, since the previous stipulation to extend deadlines, Plaintiff has undergone significant imaging related to a claimed traumatic brain injury, including a T3 Brain MRI with volumetric analysis.

The parties hereto have discussed these issues in detail and are in collective agreement that additional time is warranted and required to fully investigate and pursue discovery in this matter. In support of this request, the parties hereby state the following:

**A.    STATEMENT OF DISCOVERY COMPLETED:**

1.    Fed. R. Civ. P. 26.1(a)(1) Disclosures and supplements thereto by all parties.

2.    Defendants have served written discovery to Plaintiff.

3.    Plaintiff has responded to written discovery.

4.    Plaintiff has provided Medical Authorizations to Defendant.

5.    Defendant Otis served a subpoena on Main Street Station and disclosed documents related thereto.

6.    The Parties coordinated retrieval of surveillance video from Main Street Station.

7.    Documents from Nevada's Department of Industrial Relations – Mechanical Compliance Section have been disclosed.

8.    An inspection of the subject elevator was performed.

9.    Plaintiff has recently undergone a brain MRI with advanced traumatic brain injury "TBI" protocol.

**B.    SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED.**

The parties participated in an inspection of the elevator on May 21, 2025. Following the inspection, Plaintiff agreed to dismiss Otis Elevator Company, based upon the opinions of those

BERTOLDO CARTER SMITH & CULLEN
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

BERTOLDO CARTER SMITH & CULLEN
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

1   involved at the inspection.  During the inspection of the elevator, pertinent maintenance records

2   from the time this event occurred were not located in the elevator service room.  These records are

3   required, by law, to remain on the premises of the property owner, Main Street Station, a non party

4   to this litigation.  While Defendant Otis had previously subpoenaed records related to the elevator,

5   the specific logs related to maintenance of the elevator were not produced.  The parties have

6   discussed a subsequent subpoena to Main Street Station to ascertain the location of the additional

7   maintenance records and the contents therein. Plaintiff is preparing a subpoena for those records.

8       Additionally, Plaintiff has significant ongoing injuries, including a claimed traumatic brain

9   injury.  Plaintiff's claimed medical expenses total in excess of $800,000 to date and continue to

10  increase.  Plaintiff underwent several imaging scans recently, including a cervical MRI on May 15,

11  2025, and a brain MRI with advanced TBI protocol on May 27, 2025.  Due to the nature of the

12  advanced protocol brain MRI, specialized training and expertise was needed to have the appropriate

13  neuroradiologist read the MRI and provide an imaging report.  There was an unanticipated delay in

14  having the neuroradiologist read the MRI films, such that the report only became available more

15  than three months later on September 4, 2025.

16      Plaintiff has recently disclosed the MRI report to Defendant TK Elevator.

17      The brain injury is a significant part of Plaintiff's claim and a proper reading of the MRI

18  was necessary to understand the nature of that claim.

19      Counsel for Plaintiff and Defendants have been in constant communication regarding the

20  MRI while the results were pending.  Based upon the significant nature of Plaintiff's claimed

21  injuries, Defendants needed to see the results of the brain MRI in order to know which type of

22  expert to retain based upon Plaintiff's claimed injuries and medical records.

23      Additionally, Defendants have sought to take the deposition of the Plaintiff, which could not

24  occur until the results of the brain MRI were known.  The parties have tentatively set the Plaintiff's

25  deposition for November 6, 2025.

26      Defendant has recently advised Plaintiff's counsel they would like to have Plaintiff undergo

27  an FRCP Rule 35 examination.  Plaintiff has requested the identity of the proposed examiner to

28  determine if the parties will be able to stipulate to the conditions of an exam.

Additionally, all parties need to conduct expert depositions as well as the deposition of FRCP 30(b)(6) corporate representatives and any other witnesses disclosed in this litigation. The parties anticipate that additional written discovery will be needed based upon the ongoing disclosures in this case.

**C.** **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER.**

The most significant delay since the last stipulation was the unanticipated 3 month delay in getting the neuroradiologist to review the May 27, 2025 brain MRI films. Given that this report was just received, the parties need sufficient time to have their experts review the results and provide opinions. Plaintiff needs to follow up with her neurologist based upon this imaging to develop a treatment plan going forward. Now that the report has been received, the parties have tentatively set Plaintiff's deposition and are working on further discovery matters.

As such, the parties request a 120 day extension to the current discovery deadlines. The parties aver, that good cause exists for the requested extension. The parties have been working diligently together during this time and have had multiple meet and confer conferences to discuss the present nature of the claims and future needs of discovery.

Accordingly, the parties have agreed to and respectfully request a 120-day discovery extension for all deadlines in order to ensure that meaningful discovery is conducted. The parties have acted in good faith in their request of this extension and have no intent, nor reason, to delay the resolution of this matter.

**PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

IT IS HEREBY STIPULATED AND AGREED that the following discovery deadlines in this case be continued for one hundred and twenty (120) days as follows:

|  | Old Deadlines | New Deadlines |
|---|---|---|
| **Discovery Cut-Off Date**: | 12/19/2025 | **04/20/2026** |
| **Amending the Pleadings and Adding Parties:** | 09/22/2025 | **01/20/2026** |

BERTOLDO CARTER SMITH & CULLEN
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**BERTOLDO CARTER SMITH & CULLEN**
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333

**Fed.R.Civ.P. 26(a)(2) Disclosures (Experts)**:

| | | |
|---|---|---|
| Initial expert disclosures | 10/21/2025 | **02/19/2026** |
| Rebuttal expert disclosures | 11/20/2025 | **03/23/2026** |

**Dispositive Motions:**                01/20/2026        **05/20/2026**

**Pretrial Order:**                         02/19/2026        **06/19/2026**

In the event dispositive motions are filed, however, the date for filing a Joint Pretrial Order shall be suspended until thirty (30) days after the decision regarding any dispositive motions or upon further order of the Court.

**Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

**Extension or Modification of Discovery Plan and Scheduling Order**:

Local Rule 26-4 governs modifications or extensions of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth herein must be made not later than twenty-one (21) days before the expiration of the subject deadline. The parties hereby make this request more than twenty-one (21) days before the expiration of any said deadlines.

DATED this 25th day of September, 2025          DATED this 25th day of September, 2025

**BERTOLDO CARTER**                              **McKAY LAW FIRM, CHTD.**
**SMITH & CULLEN**                               **PAMELA A. McKAY, ESQ. (NSB 7812)**
                                                 8440 W. Lake Mead Blvd., Suite 112
*/s/ Paul R.M. Cullen, Esq.*                     Las Vegas, NV 89128
**PAUL R.M. CULLEN, ESQ**.                       *Attorneys for Defendants TK Elevator*
Nevada Bar No. 12355
7408 West Sahara Avenue                          **THE CAVANAGH LAW FIRM, PA**
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*                        */s/ Bradley J. Johnston, Esq.*
                                                 **BRADLEY J. JOHNSTON, ESQ.**
                                                 (AZB 015832)
                                                 1850 N. Central Ave., Suite 1900
                                                 Phoenix, AZ 85004
                                                 *Attorneys for Defendants TK Elevator*
                                                 *Admitted Pro Hac Vice*

**IT IS SO ORDERED:**

**UNITED STATES MAGISTRATE JUDGE**

DATED: October 1, 2025

Page 5 of 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to F.R.C.P.5(B)(2)(1), a true and correct copy of the foregoing **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES First Request** has been served upon the following counsel through CM/ECF electronic service, on this the 25th day of September, 2025.

McKAY LAW FIRM, CHTD.
PAMELA A. McKAY, ESQ.
8440 W. Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
*Attorneys for Defendants TK Elevator*

THE CAVANAGH LAW FIRM, PA
BRADLEY J. JOHNSTON, ESQ.
1850 N. Central Ave., Suite 1900
Phoenix, AZ 85004
*Attorneys for Defendants TK Elevator*
*Admitted Pro Hac Vice*

*/s/ Rachel Douglas*
An Employee of
Bertoldo Carter Smith & Cullen

**BERTOLDO CARTER SMITH & CULLEN**
7408 West Sahara Avenue
Las Vegas, Nevada 89117
702-228-2600• Fax 702-228-2333